831 So.2d 1053 (2002)
Joseph A. SAGE, M.D.
v.
RADIOLOGY AND DIAGNOSTIC SERVICES, L.L.C.
No. 2001-CA-2445.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
Rehearing Denied December 31, 2002.
William J. Dutel, Covington, for Plaintiff/Appellant, Joseph A. Sage, M.D.
William J. Crain, Covington, for Defendant/Appellee, Radiology and Diagnostic Services, L.L.C.
Before: CARTER, C.J., WHIPPLE and CIACCIO,[1] JJ.
CARTER, C.J.
This appeal involves a single issue: whether the 1995 revision to LSA-R.S. 12:1325 can have retroactive application. The trial court found that the amendment was substantive and thus could not be applied retroactively. We agree.

FACTUAL AND BACKGROUND
The facts in this case are undisputed. Radiology and Diagnostic Services, L.L.C. *1054 (RADS), a Louisiana limited liability company (LLC), was formed May 15, 1995, by three radiologists who had been practicing together, James R. Willis, Donald A. Saucier, and Joseph A. Sage. RADS adopted no operating agreement. The doctors paid nothing for their membership interests. The basis for the monthly distribution of RADS's net collections was not each doctor's membership interest but was a combination of factors: the number of radiologists sharing in the monthly net collections, the type of procedures the doctor performed, and whether the doctor worked full-time or part-time.
On January 31, 2000, Sage's counsel notified RADS by certified mail that Sage was withdrawing from RADS effective March 1, 2000. He demanded a distribution of the fair market value of his membership interest and his regular monthly distribution of net income for December 1999 through March 2000. RADS refused to pay him, and this lawsuit ensued. RADS moved for partial summary judgment, contending Sage's claim for distribution under the present version of LSA-R.S. 12:1325 should be dismissed. The trial court granted RADS's motion.[2] Sage appeals.
Louisiana Revised Statute 12:1325 governs distributions upon withdrawal from an LLC in the absence of a written operating agreement. On May 15, 1995, when RADS was formed, that statute provided that the withdrawing member was entitled to receive a distribution of "the fair market value as of the date contributed of the member's capital contribution...." LSA-R.S. 12:1325B (emphasis added). On June 27, 1995, the statute was amended by Acts 1995, No. 847, § 3. It now provides that the withdrawing partner is entitled to a distribution of "the fair market value of the member's interest as of the date of the member's withdrawal ...." LSA-R.S. 12:1325C (emphasis added). RADS contends the law in effect at the time RADS was formed applies, and thus Sage receives no distribution as his capital contribution was zero. Sage contends, however, that the new law applies, and he is thus entitled to one-third of the fair market value of his interest (in this case, one-third of the company's accounts receivable).

ANALYSIS
Prospective operation of statutes is the general rule in this state. This rule is codified in LSA-R.S. 1:2 and in Louisiana Civil Code article 6. Article 6 requires a two-fold inquiry to ascertain whether a statute may be given retroactive effect. First, we must determine whether the legislature expressed its intent regarding retrospective or prospective application. If it did so, our inquiry is at an end. If not, we must classify the enactment as substantive, interpretative, or procedural. Austin v. Abney Mills, Inc., 01-1598, pp. 13-14 (La.9/4/02), 824 So.2d 1137, 1146-1147.
The legislature did not express an intent that the amendment to LSA-R.S. 12:1325 be given retroactive effect. Thus, we must classify this statute as substantive, interpretative, or procedural. Substantive laws are those that establish new rules, rights, and duties, or change existing ones; they are applied prospectively only. LSA-C.C. art. 6; Aucoin v. State, 97-1938, p. 9 (La.4/24/98), 712 So.2d 62, 67; 1 M. Plainiol, Treatise on the Civil Law, § 243A (La.St.L.Inst.trans.1959). Laws that merely establish the meaning the statute *1055 had from the time of its enactment are interpretive. Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. Keith v. United States Fidelity & Guaranty Co., 96-2075, p. 6 (La.5/9/97), 694 So.2d 180, 183.
The amendment to LSA-R.S. 12:1325 changed the existing rights and interests of a withdrawing partner of an LLC regarding distributions upon withdrawal from the partnership. Before the amendment, an LLC was obligated to distribute to the withdrawing member only the fair market value as of the date contributed of the member's capital contribution. After the amendment, an LLC was obligated to distribute the fair market value of the member's interest on the date of withdrawal. This was a significant, substantive change in the law. Professor Susan Kalinka agrees in her treatise that this change is substantive and should be applied prospectively only. See 9 S. Kalinka, Louisiana Civil Law Treatise § 1.17, at 47-48.
Even laws that are classified as interpretative or procedural, however, cannot be applied retroactively if to do so would run afoul of constitution prohibitions against laws that impair the obligations of contracts. See La. Const. Art. 1, § 23. In support of her statement that the former version of the statute should apply to all LLCs that were in existence before June 27, 1995, Professor Kalinka notes that LSA-R.S. 12:1367C provides in pertinent part: "Neither this Chapter nor any amendment shall be construed so as to impair the obligations of any contract existing when this Chapter or any amendment goes into effect." Kalinka at p. 48 n. 48. In our opinion, to force RADS to distribute the fair market value of Sage's interest on the date of his withdrawal would impair the obligations created when the contract was entered into by the RADS members on May 15, 1995.

CONCLUSION
We conclude that the 1995 amendment to LSA-R.S. 12:1325 cannot be applied retroactively and thus the trial court correctly granted RADS's motion for partial summary judgment. We affirm that judgment at Sage's costs.
AFFIRMED.
NOTES
[1] Hon. Philip C. Ciaccio, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Several other motions and an exception were tried at the time of RADS's motion for summary judgment, including Sage's cross-motion on the retroactivity issue. The trial court certified as final only the portion of the judgment granting RADS's motion for partial summary judgment on this issue.