Dear Representative Mills:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. You have requested an opinion concerning Act 875 of the 2008 Regular Session of the Legislature which sets limitations on the number of terms a member of a board and commission can serve in Louisiana. Specifically, you are asking whether Act 875 is to be applied retroactively or prospectively. It is the opinion of this office that Act 875 must be applied prospectively from the date of August 15, 2008.
Act 875 has been codified at La.R.S. 42:3.2, which states the following:
Limitation of terms of members of boards and commissions
A. (1)(a) Notwithstanding any provision of law to the contrary, no person appointed or elected to a board or commission within the executive branch of state government who has served for more than two and one-half terms in three consecutive terms shall be elected or appointed to the succeeding term, unless another term limit is provided by law.
(b) Notwithstanding any provision of law to the contrary, no person appointed to a board or commission within the executive branch of state government serving at the pleasure of an appointing authority shall serve more than twelve consecutive years.
(2)(a) Notwithstanding any provision of law to the contrary, no person who has served as a member of any one or more boards or commissions in the executive branch of state government for two and one-half terms in three consecutive terms combined shall serve as a member of any board or commission in the executive branch of state government for a period of at least two years after the completion of such consecutive terms of service. *Page 2 
(b) Notwithstanding any provision of law to the contrary, no person who has served as a member of any one or more boards or commissions in the executive branch of state government for twelve consecutive years combined shall serve as a member of any board or commission in the executive branch of state government for a period of at least two years after the completion of such twelve consecutive years of service.
B. The provisions of this Section shall not apply to any person serving on a board or commission within the executive branch of state government on August 15, 2008, except that it shall apply to any term of service of any such person that begins after August 15, 2008, and it shall apply to service of any such person at the pleasure of an appointing authority pursuant to an appointment that is made after August 15, 2008.
C. The provisions of this Section shall not prohibit any person from serving as a member of a board or commission if such membership is by virtue of another office to which he is elected or appointed.
[Emphasis added]
As a general rule, revised statutes are applied prospectively.[1] This rule is codified in La.R.S. 1:2 and La. Civ. Code art. 6 which are construed as being coextensive.
La.R.S. 1:2, entitled Revised Statutes not Retroactive, provides.
No statute is retroactive, unless it is expressly so stated.
Louisiana Civil Code article 6, which is titled Retroactivity of Laws, states:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
In determining whether a statute applies retroactively, the provisions of La.R.S. 1:2 and La. Civ. Code art. 6 require a twofold inquiry: first, it must be ascertained whether the Legislature expressed in the enactment its intent regarding retrospective or prospective application.[2] If the Legislature did so, the inquiry is at an end; if the Legislature did not, the enactment must be classified as substantive, procedural or interpretive.[3] *Page 3 
Initially, determining whether the legislature expressly provided for retroactive application begins by examining the specific language contained in the act.[4] In this matter, the plain language of La.R.S. 42:3.2(B) provides that the statute's provisions "shall apply to any term of service that begins after August 15, 2008." More importantly, there is an absence of retroactive intent in the language of the statute. As a result, it is our opinion, that the language contained in Section B expresses the legislature's intent of prospective application of the statute to terms of service beginning on or after the date of August 15, 2008. Therefore, based on the explicit language contained in La.R.S. 42:3.2(B), the provisions of La.R.S. 42:3.2 are to be applied prospectively.
Accordingly, since the first step in our inquiry is dispositive, the second step of classification is unnecessary.
I trust this adequately answers your question. Should you require further assistance, please contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ MERIDITH J. TRAHANT Assistant Attorney General
JDC/MJT/ard
[1] Sage v. Radiology and Diagnostic Services, 2001-2445 (La.App. 1 Cir. 11/8/02), 831 So.2d 1053, 1054.
[2] M.J. Farms, Ltd. v. Exxon Mobil Corp., 2007-2371 (La. 7/1/08), 998 So.2d 16, 18. Retroactivity is the exception, and when substantive rights are involved, must be clearly stated. Holliday v. Holliday, 2000-0533 (La.App. 1 Cir. 8/17/01), 795 So.2d 423, 432.
[3] Id.
[4] St. Paul Fire Marine Insurance Co., v. E.R. Smith,Jr., 609 So.2d 809, 817 (La. 1993).